MEMORANDUM **
Apriyanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for *163 asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Wak-kary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.
Substantial evidence supports the BIA’s finding that Apriyanto failed to establish past persecution because the harassment and discrimination he experienced in Indonesia did not rise to the level of persecution, see id. at 1059-60, and because the death of Apriyanto’s sister was not part of a pattern of persecution closely tied to him, see id. at 1060. Substantial evidence also supports the agency’s denial of asylum because even if the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004) applies to Christian Indonesians, Apriyanto did not show sufficient individualized risk to demonstrate a well-founded fear of future persecution, see Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc). In addition, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. See Wakkary, 558 F.3d at 1061-62.
Lastly, substantial evidence also supports the BIA’s conclusion that Apriyanto’s fear of future persecution based on potential harm to his U.S. citizen daughter is not objectively reasonable. See Nagoulko v. I.N.S., 333 F.3d 1012, 1018 (9th Cir.2003).
Because Apriyanto failed to establish eligibility for asylum, it necessarily follows that he cannot meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.